UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORIO LARIOS CANO *individually and on behalf of others similarly situated,*

Plaintiff,

-against-

PREET GOURMET INC. (d/b/a GOLDEN PIZZA), FAMOUS GOLDEN PIZZA INC. (d/b/a GOLDEN PIZZA), MANJINDER SINGH (a.k.a.. MAX SINGH), HARJINDER SINGH, and LAKHWINDER SINGH,

*Defendants.*

Case No. 17-cv-9788

SETTLEMENT AGREEMENT
AND
RELEASE

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Gregorio Larios Cano ("Plaintiff Larios") on the one hand, Preet Gourmet Inc. (d/b/a Golden Pizza) and Famous Golden Pizza Inc. (d/b/a Golden Pizza), ("Defendant Corporation"), Majinder Singh, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Larios alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Larios' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-9788 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Larios, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims Plaintiff Larios had against Defendants brought in the above captioned action through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Larios, the gross sum of Twenty Thousand Dollars and No Cents ($20,000.00) (the "Settlement Amount") to be paid to Plaintiff Larios' attorneys in Thirteen ("13") installments, with 66.7% of each installment paid to Plaintiff Larios himself and the balance to his attorneys, as follows:

1231196.1

(a) Installment One: A post-dated check in the amount of Ten Thousand Dollars and No Cents ($10,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(b) Installment Two: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Seven Cents ($833.37) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(c) Installment Three: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(d) Installment Four: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit One Hundred Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(e) Installment Five: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit One Hundred Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(f) Installment Six: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit One Hundred Eighty Days (180) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(g) Installment Seven: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Two Hundred Ten Days (210) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(h) Installment Eight: A post-dated check in the amount of Eight Hundred Thirty Three

Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Two Hundred Forty Days (240) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(i)     Installment Nine: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Two Hundred Twenty Seventy Days (270) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(j)     Installment Ten: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Three Hundred Days (300) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(k)     Installment Eleven: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Three Hundred Thirty Days (330) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(l)     Installment Twelve: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Three Hundred Sixty Days (360) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

(m)     Installment Thirteen: A post-dated check in the amount of Eight Hundred Thirty Three Dollars and Thirty Three Cents ($833.33) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Larios", for immediate deposit Three Hundred Ninety Days (390) after court approval of the settlement agreement, delivered to Plaintiff Larios' counsel. Determination of the Plaintiff Larios' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Larios and their counsel.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

(a).     Concurrently with the execution of this Agreement, Defendants Preet Gourmet Inc. (d/b/a Golden Pizza), Famous Golden Pizza Inc. (d/b/a Golden Pizza), and, Majinder Singh shall each execute and deliver to Plaintiff Larios' counsel confessions of judgment ("Confessions of

Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Larios' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff Larios' counsel's escrow account, or Defendants fail to deliver the payments to Larios' counsel within five days of the Court approving the Agreement, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail, Manjinder Singh, 504 East 138th Street, Bronx NY 10454. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff Larios hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, regarding any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Larios at any time has, had, claims or claimed to have against Defendants limited claims for overtime pay, unpaid minimum wages, spread of hours pay, withheld tips, unlawful wage deductions, wage notice and statement violations and tools of the trade claims that have occurred as of the Effective Date of this Agreement. Similarly, Defendants, their heirs, assigns and successors, release and discharge Plaintiff Larios from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Larios including but not limited to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Larios and Defendants.

5. <u>Acknowledgments</u>: Plaintiff Larios and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Larios:
Michael Faillace, Esq.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620

To Defendants:
Manjinder Singh
504 East 138th Street
Bronx NY 10454

7.  Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.  Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Larios agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.  Release Notification: Both Plaintiff and Defendants acknowledge that they had ample time and opportunity to review this agreement and that they understand its contents and their respective rights to the advice of counsel. Plaintiff Larios confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

Likewise, Defendants confirm that they have had to opportunity to discuss the terms of this agreement with counsel but have declined to do so.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: 07/11/2018
GREGORIO LARIOS CANO

DEFENDANTS:

By: _____     Date: 7/17/18
MAJINDER SINGH

By: _____     Date: 7/17/18
PREET GOURMET INC.

By: _____     Date: _____
FAMOUS GOLDEN PIZZA INC.